IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DANIEL R. TANT,<br><br>  Plaintiff,<br>vs.<br><br>WILLIAM J. HENDERSON, Postmaster General, United States Postal Service, and ARSENIO LOVATO,<br><br>  Defendants. | No. CIV 98-0920 PK/RLP-ACE |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint, to Dismiss Defendant Lovato, and for Summary Judgment with Respect to Count II filed October 7, 1998 (doc. 5), and the court, being advised fully in the premises, finds that the motion is well taken in part and should be granted in part.

Background

In a prior action, Plaintiff obtained a substantial judgment against his employer U.S. Postal Service ("postal service") based upon a jury verdict finding in his favor upon his discrimination ($105,004.06) and retaliation ($25,000) claims. See Tant v. Runyon, No. CIV 96-0635 JP/DJS, Judgment (D.N.M. October 6, 1997) (doc. 59). The case was

settled in full for $170,000 with no admission of liability and voluntarily dismissed.  See id. (doc. 78); Stipulation for Compromise Settlement and Release attached as exh. 5B to pleading no. 30 in Pendleton v. Central New Mexico Correctional Facility, No. 98-0091 PK/DJS (October 5, 1998).  In this action, Plaintiff contends that the postal service retaliated against him (Count I) from the time of the jury verdict in the prior action, violated the Family and Medical Leave Act (FMLA) by not responding to his leave request (Count II) until after his constructive discharge (Count III), and intentionally inflicted emotional distress upon him (Count IV).

On October 26, 1998, Plaintiff's counsel filed a notice under Fed. R. Civ. P. 56(f) (doc. 8), indicating that Plaintiff was unavailable to sign an affidavit relating to the FMLA claim and seeking to invoke Rule 56(f) "only until such time that Plaintiff is discharged from the hospital and able to execute the affidavit."  In an affidavit, Plaintiff's counsel stated: "Despite efforts to obtain Plaintiff's affidavit, I have been unable to do so.  Based upon communication between Plaintiff and myself, Plaintiff anticipates he will remain hospitalized for another 1-2 weeks."  See Rule 56(f) Notice filed October 26, 1998 (doc. 8) (Mozes aff. at ¶ 6).  A check of the file indicates that a signed affidavit has not been filed.  Plaintiff's counsel should attend to this at once; for purposes of the motion, the court will assume that the affidavit has been signed.

Viewing the facts in the light most favorable to the Plaintiff together with evidence

that is uncontroverted, Plaintiff made a FMLA request on January 20, 1998,[1] for an extended period (January 23 to April 17, 1998) and was not informed that it had been granted until receiving a certified letter from the employer on February 14, 1998.  The letter stated: "We had been waiting to give this letter to you, however were unable to because you had not been at work recently."  Plaintiff's Response to Defendant's Motion filed October 26, 1998, exh. 3 (doc. 7).   The letter referred to was dated February 4, 1998 and granted the leave sought by Plaintiff.  See Defendants' Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment filed November 13, 1998 (doc. 12) (Finkenberg aff., exh. A).  Plaintiff resigned on February 12, 1998.

The documentary evidence establishes that, based upon a January 20, 1998 request for an appointment with an EEO counselor, Plaintiff completed a form dated January 26, 1998 (informal complaint) claiming retaliation in December 1997, January 1998 and January 26, 1998 because (1) his awarded bid position was given to another employee, (2) he was warned by letter about attendance and two other employees were not, (3) his supervisor did not approve FMLA leave and told him that he would have to be sent to the postal doctor or another doctor, and (4) he was harassed for turning in a safety condition report.  He identified two of his supervisors as responsible for the actions taken, and designated counsel (Mr. Mozes) to represent him.  See Plaintiff's Response filed October 26, 1998, exh. 2 (doc.7).

---

[1] Plaintiff's complaint indicates that the date was January 23.  See Complaint filed July 31, 1998, ¶ 19 (doc. 1).

On February 27, 1998, Plaintiff filed a formal complaint claiming retaliation from October 1997 to February 12, 1998.  See Defendants' Memorandum in Support of Motion filed Oct. 7, 1998 (doc. 6) (Westervelt Declaration, exh. 1).  In addition to the above, he also claimed that he was given a retaliatory warning by Defendant Lovato on January 24.  Plaintiff alleged that he was told that if he came back to Defendant Lovato's office or sought his assistance with a problem, Defendant Lovato would file harassment charges.  Plaintiff also complained of a hostile work environment resulting in his resignation, including Defendant Lovato's threats of investigation and unfounded reports that Plaintiff intended to harm other workers.  Plaintiff's counsel was designated as his representative.  Id.

On March 9, 1998, the EEO counselor sought more information from the Plaintiff concerning the dates and the officials responsible for the discrimination, as well as the harm suffered.  Id. exh. A.  A certified mail receipt indicates that the request was delivered to counsel's agent on March 10, 1998.  On March 31, 1998, after the deadline for responding to the request for additional information had passed, the EEO counselor sent a letter to Plaintiff's counsel with his report indicating Plaintiff had not provided the information requested on March 9, 1998.  See Defendants' Reply filed November 13, 1998 (doc. 12) (Westervelt Declaration, exh. A).

On May 1, 1998, Plaintiff's counsel responded by letter to the EEO counselor.  Although Plaintiff claims that this letter was written in response to the March 9, 1998 request for information, the letter on its face references the March 31, 1998 letter and

responds to issues contained in the March 31 letter. See Plaintiff's Response filed October 26, 1998, exh. 4 (doc. 7). On June 30, 1998, the employer issued its final agency decision on the basis that Plaintiff failed to cooperate, contrary to 29 C.F.R. § 1614.107(g).[2] See Defendants' Memorandum in Support of Motion filed October 7, 1998 (doc. 6) (Westervelt Declaration, exh. 2).

Discussion

Defendants seek to dismiss Defendant Lovato and counts I, III and IV of the complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction is a legal inquiry; however, the court may consider evidence to resolve disputed jurisdictional facts. See SK Finance SA v. La Plata County Bd. of Comm'rs, 126 F.3d 1272, 1275 (10th Cir. 1997).

Defendants also seek summary judgment on count II of the complaint. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and

---

[2] 29 C.F.R. § 1614.107(g) provides:

The agency shall dismiss a complaint or a portion of a complaint:

(g)     Where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal. Instead of dismissing for failure to cooperate, the complaint may be adjudicated if sufficient information for that purpose is available.

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An important function of summary judgment is to eliminate factually unsupported claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A nonmovant may not rest upon his pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Thus, a non-movant is not "permit[ed] to get to a jury on the basis of the allegations in [his] complaint[], coupled with the hope that something can be developed at trial in the way of evidence to support those allegations." First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289-90 (1968).

Once the movant has identified an element of a claim that the nonmovant cannot prove, all other factual disputes concerning the claim become immaterial and summary judgment is properly entered. See Celotex, 477 U.S. at 322-23. The summary judgment material relied upon by the nonmovant is viewed in the light most favorable to him with the benefit of rational inferences; see Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); however, that material must contain significantly probative evidence that would allow a trier of fact to find in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

The documentary evidence establishes that Plaintiff did not respond in a timely manner to the EEO representative's request for information. The March 9, 1998 request for information was based in part on the requirement that an aggrieved person initiate

- 6 -

contact with an EEO representative within 45 days of the discriminatory event. See 29 C.F.R. § 1614.105(a)(1). The EEO counselor also indicated concern about incidents of discrimination alleged in the formal complaint which had not occurred at the time of the informal complaint.

A. Exhaustion of Administrative Remedies

Plaintiff was required to exhaust his administrative remedies before filing a Title VII action. See Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997). Exhaustion is jurisdictional, see Mosley v. Pena, 100 F.3d 1515, 1518 (10th Cir. 1996), and fulfills the purposes of notice to the agency and an opportunity to conciliate the claim. See Woodman, 132 F.3d at 1342. A paramount inquiry is whether the agency had sufficient and timely information to adjudicate, that is, investigate and resolve, the claims. See 29 C.F.R. § 1614.107(g); Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993). Exhaustion is not to be interpreted in an overly-technical manner; what matters is whether the purposes behind the requirement have been satisfied. See Sampson v. Civiletti, 632 F.2d 860, 863 (10th Cir. 1980).

Here, the EEOC counselor's letter was received by Plaintiff's counsel on March 10, 1998; a response was due on March 25, 1998. Thirty-seven days past the deadline, Plaintiff's counsel responded by letter to the EEOC counselor. The letter completely failed to address whether the alleged discriminatory acts began in October 1997 (formal complaint) or December 1997 (informal complaint). The letter also does not address the

specific harm suffered by Plaintiff. However, the letter correctly indicates that retaliatory conduct subsequent to the informal complaint need not be the subject of another informal complaint given a "continuing violation" theory. See Woodman, 132 F.3d at 1341; Mosley, 100 F.3d at 1518; Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 864 F.2d 680, 682 (10th Cir. 1988).

This circuit's cases have required a "good faith effort" by an employee to cooperate with the agency in providing "all relevant, available information." Khader, 1 F.3d at 971; see also Woodman, 132 F.3d at 1342. While Plaintiff's failure to respond in a timely manner to the EEOC counselor's request is not condoned, a review of Plaintiff's informal and formal complaints clearly provide the postal service with dates, incidents and personnel involved in the alleged retaliation from December 1997 forward.

In Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996), the court considered when the failure to provide information should bar a claim for failure to exhaust:

> [E]ven if the plaintiff fails to make a good-faith attempt to comply with reasonable agency requests for information, the policy underlying the doctrine is not served unless the default prevents the agency from acting on the merits of the complaint. This conclusion is borne out by the facts of the cases that have invoked the doctrine, in which the complainants rest on vague allegations of discrimination and refuse to provide any details or dates, thus completely frustrating the agencies' ability to investigate complaints.

Id. at 165. This view of the caselaw is supported by those Tenth Circuit cases that have actually applied the doctrine to bar claims. See Khader, 1 F.3d at 971; Johnson v. Orr, 747 F.2d 1352, 1356-57 (10th Cir. 1984); Sampson, 632 F.2d at 862. Moreover, the

agency has some responsibility to develop a record; the burden is not exclusively on the complainant.  See Wade v. Secretary of the Army, 796 F.2d 1369, 1377 (11th Cir. 1986) (citing Mangiapane v. Adams, 661 F.2d 1388, 1390-91 (D.C. Cir. 1981)).

Applying these principles, any incidents of alleged retaliation occurring prior to December 1997 have not been exhausted given Plaintiff's failure to describe those incidents, when they occurred and the parties responsible, and the failure to provide information to the EEO counselor.  The applicable regulation allows for agency dismissal of portions of a complaint for failure to cooperate.  See 29 C.F.R. § 1614.107(g).  The remaining claims asserted by Plaintiff in his administrative complaints have been exhausted because Plaintiff has provided a sufficient description.

### B.  Preemption of State Tort Claim

Plaintiff has not responded to the contention that his state law claim for intentional infliction of emotional distress ("IIED") arising out of his employment (Count IV) must be dismissed because (1) Title VII is his exclusive remedy, see Pfau v. Reed, 125 F.3d 927, 932-34 (5th Cir. 1997) (IIED claim preempted by Title VII), vacated on other grounds, 119 S. Ct. 32 (1998); Gergick v. Austin, 997 F.2d 1237, 1239 (8th Cir. 1993) (same), and (2) he has not alleged compliance with the Federal Tort Claims Act, specifically, denial of an administrative claim by the agency, see 28 U.S.C. § 2675(a).  Plaintiff's failure to respond concedes these issues.  See Artes-Roy v. City of Aspen, 31 F.3d 958, 960 n.1 (10th Cir. 1994).  Count IV will be dismissed.

C. Dismissal of Defendant Lovato

Likewise, Plaintiff has not responded to the contention that claims against Defendant Lovato must be dismissed because (1) the agency head is the only proper defendant, see 42 U.S.C. § 2000e-16(c); Brezovski v. United States Postal Serv., 905 F.2d 334, 335 (10th Cir. 1990), and (2) Defendant Lovato has immunity, see 28 U.S.C. §§ 2679(b)(1) & (d)(1) & (2) (substitution provisions). Defendant Lovato must be dismissed as a party defendant.

D. FMLA Claim

Assuming that Plaintiff signs his affidavit, summary judgment should not be granted at this time on the FMLA claim under 29 U.S.C. § 2615(a), because a genuine issue of material fact exists concerning the postal service's response to Plaintiff's FMLA request, and its decision to grant that request and inform the Plaintiff.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Complaint, to Dismiss Defendant Lovato, and for Summary Judgment with Respect to Count II filed October 7, 1998 (doc. 5), is granted in part as follows:

a. Count IV of the complaint is dismissed.

b. Defendant Arsenio Lovato is dismissed as a party-defendant.

c. Incidents of alleged retaliation occurring prior to December 1997 are not actionable for failure to exhaust administrative remedies.

- 10 -

In all other respects, the Motion is denied.

IT IS FURTHER ORDERED THAT Plaintiff shall file a signed copy of his affidavit within 5 days of the date of this memorandum opinion and order.

DATED this <u>4th</u> day of February, 1999 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge